FILED 18 JUL '11 12:00 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| YOLANDA M. YUVIENCO, ) | |
| ) | |
| Plaintiff, ) | CV 10-687-TC |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

COFFIN, Magistrate Judge:

Plaintiff Yolanda Yuvienco appeals the Commissioner's decision denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be reversed and remanded for further proceedings.

Yuvienceo alleged disability beginning April 1, 2004, due to post traumatic stress disorder ("PTSD") stemming from sexual abuse she suffered while serving in the armed forces in the distant

1 - FINDINGS AND RECOMMENDATION

past. She alleges nightmares and inability to maintain sobriety, establish relationships with others, and control her anxiety when associating with men in authority. Admin. R. 20-21, 24, 122-23. Yuvienco satisfied the insured status requirements for a claim under Title II of the Social Security Act through December 31, 2008. *Id.* at 17. She must establish that she was disabled on or before that date to prevail on her claim. 42 U.S.C. § 423(a)(1)(A). *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

The administrative law judge ("ALJ") applied the five-step sequential disability determination process set forth in 20 C.F.R. § 404.1520. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). He found Yuvienco's ability to work affected by a depressive disorder, an anxiety disorder, and substance abuse. Admin. R. 19. The ALJ found that, despite these severe impairments, Yuvienco retained the residual functional capacity ("RFC") to perform work at all exertional levels, limited to simple tasks with occasional detailed tasks, occasional work-related contact with the public, and superficial contact with coworkers. The ALJ acknowledged that Yuvienco has noticeable chronic pain that is not severe enough to interfere with her ability to carry out work assignments. *Id.* at 23.

The ALJ received testimony from a vocational expert ("VE") who described the requirements of Yuvienco's past work as a hand packager and as a shelter worker. The VE testified that a person with Yuvienco's RFC could perform the requirements of these unskilled, medium exertion occupations. *Id.* at 28, 985-86. The ALJ concluded that Yuvience had failed to prove she was disabled within the meaning of the Social Security Act. *Id.* at 28.

## STANDARD OF REVIEW

The court reviews the Commissioner's decision to ensure that proper legal standards were applied and the findings of fact are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard of review, the court must uphold the Commissioner's findings of fact, provided they are supported by substantial evidence in the record as a whole, including inferences logically flowing from such evidence. *Tommasetti v. Astrue*, 553 F.3d 1035, 1040 (9th Cir. 2008); *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir.1995); *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

## DISCUSSION

### I.   Claims of Error

Yuvienco contends the ALJ failed to consider a disability rating of the Veterans Administration and to provide legally adequate reasons for rejecting it. She challenges the ALJ's RFC assessment on the grounds that the ALJ failed to comply with Social Security Ruling ("SSR") 96-8p, 1996 WL 374184. Yuvienco challenges the vocational evidence on the grounds that the ALJ elicited testimony from the VE based on hypothetical assumptions that did not accurately reflect her functional limitations.

### II.  VA Rating Decision

On December 15, 2004, the VA issued a rating decision finding Yuvienco had service connected PTSD and associated major depression with an evaluation of 70%, effective April 7, 2004. Admin. R. 77. A VA rating of disability does not compel the Commissioner to reach the same result. 20 C.F.R. § 404.1504. The ALJ must consider the VA's finding in reaching his decision, however,

and ordinarily must give great weight to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ may give less weight to the VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record. *Id.*

Here, the ALJ acknowledged that the VA rating decision was in the case record he considered in making his decision. Admin. R. 973. He received testimony from Yuvienco and from the medical expert regarding the rating decision. *Id.* at 964-65, 978. He heard argument from Yuvienco's attorney based on the rating decision. *Id.* at 960. He mentioned the VA rating in his written decision. *Id.* at 24, 26. The ALJ did not discuss the VA rating decision in detail, but the foregoing references are sufficient to establish that the ALJ considered the VA 70% disability rating in reaching his decision.

Unfortunately, the ALJ's decision leaves unclear whether he gave less than great weight to the VA rating decision and, if so, his reasons for doing so. Accordingly, his decision cannot be upheld under the holding of *McCartey v. Massanari*.

In *McCartey*, the Court of Appeals for the Ninth Circuit recited a number of similarities in the VA and Social Security disability programs. With all due respect to that court's observations, there are also significant differences in the decision making processes used in the two programs. For example, the VA uses percentage ratings for disability and employability that are entirely foreign to the decision making process under Social Security regulations. Yuvienco received an evaluation of 70% disability. A higher evaluation of 100% was not warranted because Yuvienco had not shown total occupational and social impairment. *Id.* at 78-79. *See McLeod v. Astrue*, 634 F.3d 516, 521 n. 16 (9th Cir. 2011)(explaining VA regulations limit a total disability rating to an impairment sufficient to render it impossible for the average person to follow a substantial gainful occupation).

4 - FINDINGS AND RECOMMENDATION

Because Yuvience received a rating of less than total disability, it is unclear that the ALJ's decision conflicts with the VA rating decision. Perhaps the ALJ did not discuss the VA rating decision because he believed his own RFC assessment reflected the partial disability found by the VA.

The Commissioner argues that the ALJ's explanation for reaching his determination that Yuvienco is not disabled under the Social Security Act provides the "persuasive, specific, valid reasons" for discounting the VA rating decision required by *McCartey*. He contends it may be reasonably inferred that the ALJ did not credit the VA rating because it did not establish a twelve-month period of disability and because there was evidence of improvement in Yuvienco's condition. The ALJ did not assert these reasons in his decision and the court cannot make independent findings as to his reasoning. The court is constrained to review the reasons given by the ALJ. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Although the ALJ's decision is well reasoned and thorough in all other respects, it simply does not address the weight given the VA rating decision or the reasoning behind the ALJ's evaluation of the VA rating decision. The ALJ's decision, therefore, does not comply with the Ninth Circuit requirement of *McCartey*, despite being supported by reasonable inferences which flow logically from the record as a whole. As a result, the case must be remanded for the limited purpose of complying with *McCartey*.

### III. Other Arguments

Yuvienco contends the ALJ failed to consider all of her impairments in assessing her RFC as required by SSR 96-8p, 1996 WL 374184, *5. Yuvienco contends the ALJ did not consider shoulder pain in assessing her RFC. The ALJ determined that Yuvienco sought medical treatment for a shoulder injury before the alleged onset of disability. He considered evidence in the medical

5 - FINDINGS AND RECOMMENDATION

records indicating Yuvienco retained full range of motion and was fully independent for mobility and position. He noted the absence of treatment or complaints to medical providers of pain in the shoulder during the period for which she claims disability. The ALJ concluded Yuvienco had no severe physical impairment. Admin. R. 21. In assessing Yuvienco's RFC, the ALJ conceded that Yuvienco could perceive mild to moderate pain, but it would not be sufficiently severe to interfere with basic work activities. *Id.* at 23.

Yuvienco argues that this conclusion is not probable and urges the court to adopt her interpretation of the evidence, in which she has unspecified additional limitations due to pain. Even if the record could be interpreted in a manner more favorable to Yuvienco, the court must uphold the Commissioner's rational findings of fact. *Andrews,* 53 F.3d 1039-40. The ALJ's evaluation of the evidence of pain and resulting functional limitations is not irrational and should be upheld.

Yuvienco argues the ALJ failed to consider all the medical opinions, as required by SSR 96-8p, 1996 WL 374184, *5, because he did not discuss the VA rating decision. This argument is not persuasive because a VA rating decision is not a medical opinion. It is an administrative finding under the regulations governing VA disability decisions. The ALJ considered all the medical evidence, including opinions and medical source statements, produced by VA medical providers, including those used to support the VA rating decision. By doing so, the ALJ complied with the requirements of SSR 96-8p. In any event, as discussed previously, the ALJ must reconsider and explain the weight he gives the VA rating in proceedings after remand to comply with the requirements of *McCartey.*

Yuvienco challenges the testimony of the medical expert who appeared at the hearing ("ME"). Yuvienco contends the ALJ erred by saying the ME's testimony was based on a thorough

review of the record. Admin. R. 26. The ME did not see a copy of the VA rating decision until he was giving testimony at the hearing. *Id.* at 971-72. He did review the medical evaluations and provider statements upon which the VA rating decision was based and all the other medical evidence in the record. The VA rating decision was an administrative conclusion based on the same medical evidence reviewed by the ME. Because the ME was called upon to give a medical opinion and not an administrative conclusion, his thorough review of the medical evidence reasonably supports the ALJ's statement, even though he did not see the VA rating decision until the hearing.

Yuvienco contends the ALJ did not give sufficient weight to printouts of drug information describing dosage, warnings, potential interactions, potential side effects, and so forth, with respect to her medications. Admin. R. 820-946. Yuvienco argues this documentation supports her complaints of fatigue requiring her to nap during the day, because drowsiness is a potential side effect of one or more of the medications. The ALJ gave little weight to the printed material because it was general information and was not specific or germane to Yuvienco. *Id.* at 25. The ALJ correctly pointed out that there is no medical source statement, opinion, or finding that Yuvienco experiences fatigue as a side effect of medications. *Id.* Accordingly, the printed material provided no more than a theoretical or potential explanation of her alleged fatigue. The abundant record of substance abuse provided another. Yuvienco's activities and the ALJ's unchallenged credibility determination raise doubt about the severity, frequency, and persistence of her alleged fatigue and erode the evidentiary value of the printouts even further. The ALJ's evaluation of the printouts was reasonable based on the record as a whole.

Finally, Yuvienco challenges the VE's testimony because it was based on an RFC tainted by the errors discussed previously. There was no error in the RFC assessment, other than the ALJ's

7 - FINDINGS AND RECOMMENDATION

failure to comply with *McCartey* in evaluating the VA rating decision. On remand, the ALJ must reconsider and explain his evaluation of the VA rating decision, and if this results in a new RFC, elicit expert vocational testimony based on an RFC assessment that accurately reflects Yuvienco's functional limitations.

## **RECOMMENDATION**

Based on the foregoing, the Commissioner's final decision should be reversed and remanded for further proceedings in which the ALJ must explain the weight given and reasons for discounting the VA rating decision in conformity with *McCartey v. Massanari*. A final judgment should be entered pursuant to sentence four of 42 U.S.C. § 405(g).

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 18th day of July, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION